1
2
3
4
5
6
7
8  # UNITED STATES DISTRICT COURT
9  # SOUTHERN DISTRICT OF CALIFORNIA
10

11  BERIHU HADERA FKADU,
12  Inmate No. 2073534,

13                              Plaintiff,

14

15                    vs.

16

17

18  AMANDA F. BENEDICT,

19

20                              Defendants.

21

22

Civil No.    09cv2023 BTM (AJB)

**ORDER:**

**(1)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g);**

**(2) DISMISSING ACTION FOR FAILING TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a); AND**

**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**

**[Doc. Nos. 2, 4]**

23

24      Plaintiff, currently incarcerated at Napa  State Hospital located in Napa, California, and

25  proceeding pro se, has filed a civil action.  Plaintiff has not prepaid the $250 filing fee mandated

26  by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In*

27  *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4], along with a Motion for

28  Appointment of Counsel [Doc. No. 2].

1   **I.      Motion to Proceed IFP**

2        Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil

3   litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However,

4   the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed

5   IFP:

6               . . . if the prisoner has, on 3 or more prior occasions, while incarcerated
                or detained in any facility, brought an action or appeal in a court of the
7               United States that was dismissed on the grounds that it is frivolous,
                malicious, or fails to state a claim upon which relief can be granted,
8               unless the prisoner is under imminent danger of serious physical injury.

9

10  28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews*

11  *v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes

12  or more cannot proceed IFP." *Id.* The objective of the PLRA is to further "the congressional goal of

13  reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir.

14  1997).

15       "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were

16  dismissed 'on the ground that [they were] frivolous, malicious, or fail[ed] to state a claim." *Andrews*,

17  398 F.3d at 1116 n.1.      Thus, once a prisoner has accumulated three strikes, he is

18  prohibited by section 1915(g) from pursuing any other action IFP in federal court unless he is in

19  "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

20       While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request

21  to proceed IFP, *Andrews*, 398 F.3d at 1119, "[i]n some instances, the district court docket records may

22  be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and

23  therefore counts as a strike." *Id.* at 1120. When applying 28 U.S.C. § 1915(g), however, the court must

24  "conduct a careful evaluation of the order dismissing an action, and other relevant information," before

25  determining that the action "was dismissed because it was frivolous, malicious or failed to state a

26  claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

27       The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be

28  granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure

1   12(b)(6).'" *Id.* at 1121 (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). *Andrews*
2   further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance"
3   or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); *see also Neitzke v. Williams*,
4   490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal
5   conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in
6   fact .... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal
7   conclusion, but also the fanciful factual allegation."). "A case is malicious if it was filed with the
8   intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (quotation and citation omitted).
9
10  **II.    Application of 28 U.S.C. § 1915(g)**
11          The Court notes as an initial matter that Plaintiff has alleged no facts to show that he is
12  in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Rodriguez*, 169 F.3d
13  at 1178; *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (finding that "allegations
14  that the prisoner faced imminent danger in the past" are insufficient to trigger section 1915(g)'s
15  imminent and serious physical injury exception). Thus, regardless of Plaintiff's financial status,
16  he may not proceed IFP pursuant to 28 U.S.C. § 1915 if he has, on three prior occasions while
17  incarcerated, had federal civil actions or appeals dismissed as frivolous or malicious or for
18  failing to state a claim. *See* 28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1119-20; *Rodriguez*, 169
19  F.3d at 1178.
20          A court "may take notice of proceedings in other courts, both within and without the
21  federal judicial system, if those proceedings have a direct relation to matters at issue." *United*
22  *States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.
23  1992). Here, the Court takes judicial notice that Plaintiff has had at least three prior prisoner
24  civil actions dismissed in both the Southern and Central Districts of California on the grounds
25  that they were frivolous, malicious, or failed to state a claim upon which relief may be granted
26  pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Fkadu v. State of California,* S.D. Cal.
27  Civil Case No. 04-2065 WQH (POR) (Jan. 4, 2005 Order Denying IFP and Dismissing
28  Complaint sua sponte as frivolous per 28 U.S.C. § 1915A(b)(1) [Doc. No. 3]) (strike one); *Fkadu*

1   *v. Cal. Dept. of Corrections*, S.D. Cal. Civil Case No. 04-2173 JM (NLS) (Jan. 3, 2005 Order

2   Denying IFP and Dismissing Complaint sua sponte as frivolous per 28 U.S.C. § 1915A(b)(1)

3   [Doc. No. 6]) (strike two); *Fkadu v. Luna*, C.D. Civil Case No. 06-0323 SH (Feb. 13, 2006 Order

4   Denying IFP and Dismissing Complaint as legally and/or factually patently frivolous) (strike

5   three); *Fkadu v. The State of California*, C.D. Cal. Civil Case No. 07-1066 SH (Oct. 1, 2007

6   Order Denying IFP and Dismissing Complaint as legally and/or factually patently frivolous)

7   (strike four); and *Fkadu v. The State of California*, C.D. Cal. Civil Case No. 08cv-0256 SH (Jan.

8   30, 2008 Order Denying IFP and Dismissing Complaint as legally and/or factually patently

9   frivolous) (strike five).

10       Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes"

11   pursuant to § 1915(g), and does not presently allege facts sufficient to show that he is under

12   imminent danger of serious physical injury, the Court **DENIES** Plaintiff's Motion to Proceed

13   IFP [Doc. No. 4].  *See Andrews*, 398 F.3d at 1121; *Rodriguez*, 167 F.3d at 1178.

14       The Court will dismiss this action in light of the fact that even if Plaintiff were to pay the

15   initial civil filing fee, he could not state a claim against Defendant Benedict.  In his Complaint,

16   Plaintiff is seeking to hold his court appointed criminal defense attorney liable and claims that

17   Defendant Benedict is "one of over 10 Defenders who did refuse or failed to perform the sworn

18   obligation of their office and contract with Plaintiff."  Compl. at 2.  Moreover, Plaintiff alleges

19   that he has been subjected to an "extremely wrong conviction and then extremely wrong

20   sentence."  *Id.*     Plaintiff cannot bring a civil action under §1983 in Federal Court against

21   counsel that was appointed to represent him in a state criminal proceeding.  A person "acts under

22   color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of

23   state law and made possible only because the wrongdoer is clothed with the authority of state

24   law.'"  *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*,

25   313 U.S. 299, 326 (1941)).  Attorneys appointed to represent a criminal defendant during trial,

26   do not generally act under color of state law because representing a client "is essentially a

27   private function ... for which state office and authority are not needed."  *Polk County*, 454 U.S.

28   at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when

1  publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating
2  possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color
3  of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk*
4  *County*, 454 U.S. at 320-25.

5  III.      **Conclusion and Order**

6          For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed
7  IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 4] and **DISMISSES** the case without prejudice.
8  Additionally, Plaintiff's Motion for Appointment of Counsel [Doc. No. 2] is **DENIED** as moot.

9          Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken
10  "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S.
11  438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is
12  permitted to proceed IFP on appeal only if appeal would not be frivolous).

13          The Clerk shall close the file.

14          **IT IS SO ORDERED.**

15
16  DATED:  October 21, 2009

17                                          _____
                                            Honorable Barry Ted Moskowitz
18                                          United States District Judge

19
20
21
22
23
24
25
26
27
28